Argued November 14, 1929; affirmed January 21, 1930

## SECURITY BUILDINGS CORP. *v.* TITLE and TRUST CO.
### (284 Pac. 175)

For appellant there was a brief and oral argument by *Mr. W. C. Bristol.*

For respondent there was a brief over the names of *Messrs. Bronaugh & Bronaugh* and *Messrs. Teal, Winfree McCulloch & Shuler* with an oral argument by *Mr. E. C. Bronaugh.*

BELT, J. This is an action against the Title and Trust company, a corporation acting as trustee, to recover damages on account of its alleged negligence in failing to collect certain rentals accruing under the terms of a written lease wherein the plaintiff was lessor and the Security Storage & Transfer company, lessee. In the complaint, and by way of bill of particulars, plaintiff claims rent as follows:

From June 1, 1924, to June 2, 1925, 12 mos. at $2,500 per month, aforesaid rent that was to be collected and paid but was not collected or paid ........................................$ 30,000.00

From June 1, 1925, to June 1, 1926, 12 mos. at $2,500 per month, aforesaid rent that was to be collected and paid but not collected or paid ................................................. 30,000.00

From June 1, 1926, to April 12, 1927, 10 1/3 months at $3,500 per month, aforesaid rent that was to be collected and paid but was not collected or paid .................. 36,166.66

From April 12, 1927, to November 1, 1927, 7 2/3 months as far as accrued at the aforesaid alleged reasonable rate and value, $2,500 for the use and occupation of said premises while occupied by said Trustee in Bankruptcy without the payment of rent to or collected from him by said defendant up to said time and without waiver of what has since accrued .... 19,166.66

Total ...............................................$115,333.32

At the conclusion of plaintiff's case in chief the trial court allowed the motion of the defendant for judgment of nonsuit. Hence this appeal.

A brief review of the facts out of which this controversy arose is necessary. In 1924 the Security Storage & Transfer company, a corporation, had an

option to purchase from the Marshall Wells Hardware company, at the price of $300,000, certain property in the city of Portland, known as the Security building. Negotiations were had with a bonding company to underwrite a bond issue of $350,000 in order that funds could be obtained with which to purchase the property. Upon advice of the bonding house, the Security Storage & Transfer company caused to be organized the Security Buildings corporation, plaintiff herein, as it was thought that the bonds would be more attractive and salable if issued by a building corporation rather than by a storage and transfer company. When this new holding company was organized, the Security Storage & Transfer company subscribed for and became owner of all of its capital stock. The corporations at such time had common officers and assets. Pursuant to the plan of financing the purchase of the Security building, the plaintiff corporation issued bonds amounting to $350,000, and from the proceeds of the loan thereby obtained acquired title in its name to the property.

On July 19, 1924, a mortgage in the form of a trust deed was executed by the Security Buildings corporation for $350,000, in support of the bond issue, in which the Security Storage & Transfer company and its president, E. F. Younger, joined as guarantors. The defendant Title and Trust company was nominated in such trust deed as trustee with certain fixed and well defined duties. Pursuant to the trust deed and contemporaneously therewith a lease on the property described in the complaint herein was executed between the plaintiff as lessor, and the Security Storage & Transfer company, as lessee, for a period of 10 years. The rental, which was to be paid to the trustee, was fixed in a sum deemed sufficient to take care of matur-

ing bonds and the interest thereon. When the rents so paid were received by the trustee they were held by it, as provided in the trust deed, "as a sinking fund for the redemption and payment of bonds and interest coupons" secured by the mortgage.

The Security Storage & Transfer company, on April 12, 1927, was adjudged bankrupt and the trustee in bankruptcy thereupon took possession of the property. On June 15, 1926, there being no funds with which to pay the interest coupons due on that date, a default was declared and suit instituted to foreclose the mortgage. On June 11, 1928, a decree of foreclosure was entered. On appeal this decree was affirmed and the property ordered sold to satisfy the mortgage indebtedness: *Title & Trust Co. v. Security Buildings Corp.* (Or.), 277 P. 85. While the mortgage suit was pending in the circuit court the instant action was commenced.

In what way was the Title and Trust company derelict in its duty as trustee? Let us first turn to the trust deed to determine its contractual relations with the plaintiff. Unquestionably the trustee's conduct should be scrutinized in the light of the instrument nominating it and defining its duties. Section 9 of Art. II of trust deed provides:

"That it will make, execute, acknowledge and deliver a lease in writing with Security Storage & Transfer company, 'The Corporate Guarantor' herein, leasing to such 'The Corporate Guarantor' the said above described premises for a period of ten (10) years from and after the first day of June, 1924, at a rental of two thousand five hundred dollars ($2,500) per month for the first two (2) years of said term, and three thousand five hundred dollars ($3,500) per month for the next six (6) years of said term and four thousand dollars ($4,000) per month thereafter

during the term of said lease, and cause such lease to be so written that all cash rentals so paid by said 'The Corporate Guarantor' shall be paid direct to 'The Trustee' in advance on or before the 15th day of each and every month during said term * * *."

Section 4 of article III contains a similar covenant as to the lease and payment of rentals by the Corporate Guarantor. Section 1 of article IV provides:

"All funds received by 'The Trustee' as rental of the premises hereby mortgaged shall be held by 'The Trustee' as a sinking fund for the redemption and payment of bonds and interest coupons secured by this indenture in the manner following, that is to say:
"(a) * * *
"(b) * * *
"(c) All bonds so redeemed from the sinking fund account shall be redeemed and paid with interest thereon to the date of such payment and a premium in the amount specified below."

Paragraph (b) of section 1, article VI, provides:

" 'The Trustee' shall not be liable for mistakes or errors of judgment or otherwise in connection with this trust, except for gross negligence or wilful and intentional default, and shall not be liable for any neglect, omission, mistake or misconduct of any of its agents or attorneys, reasonable care being exercised in their selection."

Relative to the duty of the trustee to institute action to collect rentals, paragraph (d), section 1, article VI, provides:

" 'The Trustee' shall be under no obligation to take any action hereunder which in its opinion will be likely to involve expense or liability until the amount of such expense shall be advanced and until it shall be indemnified as often as may be required to its full satisfaction for all the expense and liability of every kind to which in its opinion such action may give rise."

Under the above provisions of the trust deed, it was the duty of the trustee to receive rental payments and to make proper application of the same as specifically provided therein. We are unable to agree with the contention that its duty was to collect the rentals for the use and benefit of the plaintiff. Plaintiff had pledged these rentals as additional security for the payment of the bonded indebtedness. So far as the rentals are concerned, it had cause to complain only if the trustee made improper application of them. It appears from the evidence, without contradiction, that the lessee, Security Storage & Transfer company, was unable to comply with the terms of the lease relative to the payment of rent. At one time its financial condition was such that the plaintiff, in order to protect its interests, executed a second mortgage on the property in question to secure a loan of $25,000 and from the proceeds of such loan paid four months' rental, aggregating $10,000. What was the duty of the trustee upon failure of the Security Storage & Transfer company to pay rent? If it be argued that it should have instituted an action to collect the same, we answer that no request was made by the plaintiff for it so to do, nor was it indemnified against loss by reason of expenses incurred in such litigation as provided in the trust deed. Plaintiff corporation was brought into existence to act as a holding company for the interest and benefit of its parent corporation, the Security Storage & Transfer company. Both corporations were organized for the same ultimate object and purpose. If we look to the substance and not the form, they are, indeed, one corporation. If this premise be sound, it follows that plaintiff is complaining against the defendant and seeking to recover damages for failure to do that which it was prevented from doing by plain-

tiff's own act. The evidence shows that the trustee, regardless of whether it was its duty to do so, was persistent in demanding the payment of rent. There is not a scintilla of evidence that it was negligent in this respect nor that it made improper application of rentals paid. In fact, it was the contention of the plaintiff that it was contemplated that some of the monthly rentals were to be used in improving the property rather than to be applied on the mortgage indebtedness. The trustee acting for the protection of the bondholders properly refused to consent to such application.

In the foreclosure suit, it was contended, as here, that the trustee was negligent in failing to collect rentals. The court, speaking through Mr. Justice ROSSMAN, relative to this charge, said:

"* * * we find no support for any of these charges.

\* \* \* \* \*

"Mr. Younger testified that from the inception of the trust he heard nothing from the plaintiff but 'rent, rent, rent.'"

After reading the entire transcript of the evidence, we are convinced that there is absolutely no foundation for the charge that the defendant herein breached its trust relative to the collection of rentals.

The judgment of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., BEAN and HAMILTON, JJ., concur.